UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:23 CR 354 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Christen L. Clark, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Suppress. (Doc. 25). For the following reasons, the motion is DENIED.

### Facts

After the execution of a federal search warrant at defendant's residence ("the Target Premises") on June 2, 2023, investigators recovered cocaine, fentanyl, methamphetamine, firearms, and cash. Defendant was then charged in the Northern District of Ohio with conspiracy to possess with intent to distribute cocaine, methamphetamine, and fentanyl;

1

possession with intent to distribute cocaine; possession with intent to distribute fentanyl; possession with intent to distribute methamphetamine; felon in possession of a firearm; and possession of a firearm in furtherance of a drug trafficking offense.

The application for the search warrant was supported by an affidavit from Task Force Officer Jordan Shank which detailed the investigation conducted by the Task Force into drug trafficking activity by defendant. (Doc. 31 Ex. 1). The affidavit outlined information obtained from four confidential sources, identified as Sources 1 through 4, regarding drug trafficking by defendant.

The affidavit included detailed descriptions of controlled purchases of drugs on April 7, 2022, November 11, 2022, November 16, 2022, November 22, 2022, January 6, 2023, and in May 2023 directly from or arranged by defendant. As for each transaction, the confidential source contacted defendant by phone to order a particular type and quantity of drugs. Defendant then directed the confidential source where to meet for the transaction. During the November 16 and November 22 controlled purchases, a known associate of defendant's traveled in defendant's vehicle from the Target Premises to the buy location, provided the requested drugs to the source, and returned to the Target Premises. During the January 6 controlled purchase, defendant himself traveled from the Target Premises to the buy location, provided the requested drugs to the source, and returned to the Target Premises.

The affidavit also stated that during the controlled purchase in May 2023, defendant directed Source 5 to meet him at the Target Premises to conduct the transaction. Shortly before the transaction occurred, investigators observed defendant arrive at the Target Premises, where Source 5 was waiting. Defendant and Source 5 then entered the Target

2

Premises where defendant provided Source 5 with a quantity of controlled substance. Source 5 then left the Target Premises, met with investigators, and turned over the purchased drugs. Audio and video recording of the controlled purchase confirmed that the drug transaction occurred inside the Target Premises.

This matter is now before the Court upon defendant's Motion to Suppress.

**Standard of Review**

The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Probable cause is defined as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion, and is found to exist when there is a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006), *United States v. Hines*, 885 F.3d 919, 923 (6th Cir. 2018) ("Probable cause exists when an affidavit shows a 'fair probability' that criminal evidence will be found in the place to be searched.").

Probable cause to search requires "a sufficient nexus between the place to be searched and the evidence sought." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). And, the supporting "affidavit must suggest that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought and not merely that the owner of the property is suspected of crime." *United States v. McPhearson*, 469 F.3d 518, 524 (6th Cir. 2006) (internal quotations marks and citations omitted).

This Court "examine[s] the affidavit's four corners to determine whether, under the totality of the circumstances, the low bar of probable cause has been overcome." *United States v. Lawson,* 2022 WL 2813239 (6th Cir. July 19, 2022) (citing *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006)). Moreover, where the search warrant has already been approved by a Magistrate Judge, "the Supreme Court requires deference to the decision of the Magistrate Judge with the key question, whether the evidence reviewed as a whole provided a substantial basis for the magistrate's finding of probable cause." *United States v. Vasquez,* 2018 WL 5921370 (E.D. Mich. Nov. 13, 2018) (citing *Massachusetts v. Upton*, 466 U.S. 727 (1984), applying the holding in *Illinois v. Gates*, 213 (1983)). As the Sixth Circuit has recognized:

> Because we afford great deference to a magistrate judge's probable-cause determination, we limit reversal to arbitrary decisions. *Id*. (citing *United States v. Terry*, 522 F.3d 645, 647 48 (6th Cir. 2008)). In other words, we may only reverse if the affidavit underlying the search warrant failed to set forth a "substantial basis" for probable cause. *Id*. (citing *United States v. Gardiner*, 463 F.3d 445, 470 (6th Cir. 2006)); see also *United States v. Lapsins*, 570 F.3d 758, 763 (6th Cir. 2009) ("[S]o long as the magistrate had a substantial basis for ... concluding that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more.") (quoting *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) *(en banc)*) (internal quotation marks omitted).

*United States v. Gallagher*, 2022 WL 17688485, at *3 (6th Cir. Dec. 15, 2022).

The Supreme Court has recognized a good faith exception when evidence must otherwise be excluded because it has been obtained in violation of the Fourth Amendment. This exception applies when "reliable physical evidence [is] seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate[.]" *United States v. Leon*, 468 U.S. 897, 913 (1984). *Leon* recognized, however, that the evidence may still be

4

suppressed where the officer lacks "reasonable grounds for believing that the warrant was properly issued." *Id*. at 922 23. The Sixth Circuit has recognized that a law enforcement officer lacks such reasonable grounds, and the good faith exception does not apply, in at least four situations:

> (1) where the issuing magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) where the issuing magistrate wholly abandoned his judicial role and failed to act in a neutral and detached fashion, serving merely as a rubber stamp for the police; (3) where the affidavit was nothing more than a "bare bones" affidavit that did not provide the magistrate with a substantial basis for determining the existence of probable cause, or where the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the officer's reliance on the warrant was not in good faith or objectively reasonable, such as where the warrant is facially deficient.

*United States v. Lewis*, 81 F.4th 640, 647 (6th Cir. 2023) (citations omitted).

**Discussion**

Defendant argues that the affidavit fails to provide a substantial basis for determining the existence of probable cause to search the Target Premises, and was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

Initially, defendant maintains that the affidavit relies on stale evidence. Defendant points out that the controlled purchases involving Sources 1 through 4 (transactions of April 7, November 11, November 16, and November 22, 2022 and January 6, 2023) did not occur at the Target Premises but at other agreed upon specific addresses. As such, defendant asserts that these averments do not show that defendant was engaged in a long-term drug trafficking business and must be disregarded in making a probable cause determination. Additionally, the government waited four months after the January 6, 2023 transaction before making the

5

"uncontrolled buy" involving Source 5 in May 2023 at the Target Premises. Defendant contends that the buy was uncontrolled because it used undocumented funds and so was not recorded. Moreover, the lab results of the suspected fentanyl were still pending at the time the search warrant was executed. Defendant maintains that because four months had lapsed, there was no reason to believe that narcotics would be found at the Target Premises.

Defendant also asserts that no nexus between illegal activity and the Target Premises can be inferred because the only purchase that connects defendant with the Target Premises is the one involving Source 5 which involved undocumented funds, and the suspected drug had not been tested at the time the search warrant was executed. Accordingly, the good-faith exception cannot apply to save the "bare bones affidavit."

For the following reasons, the Court agrees with the government that there was a substantial basis for the Magistrate Judge to find probable cause to believe that evidence related to drug trafficking would be found at the Target Premises at the time of the execution of the search warrant.

The affiant set forth that the four Sources identified defendant as a seller of controlled substances. He also described detailed accounts of five controlled purchases between April 2022 and January 2023, whereby the Source contacted defendant by phone to arrange the purchase which occurred at an agreed upon location. Although these transactions did not occur at the Target Premises, there was evidence to support a probable cause finding that defendant stored the drugs at his residence. In particular, during the final two buys in November, investigators observed a vehicle registered to defendant and driven by his known associate depart the Target Premises after the recorded phone call to defendant to arrange the

buy. The vehicle arrived at the buy location minutes later and returned directly to the Target Premises upon completion of the transaction. At the January buy, defendant himself was observed to depart the Target Premises in a rented vehicle and travel to the buy location following the recorded call to set up the purchase. After defendant provided the drugs to the Source, he returned to the Target Premises in the vehicle.

Moreover, the controlled purchase of drugs by Source 5 in May 2023, occurred inside the Target Premises. The affiant attested to Source 5's credibility and reliability, and the control measures used for the purchase. Although defendant contends that the transaction was uncontrolled because the funds were not predocumented, he does not support his assertion that the use of undocumented funds are necessary for a controlled buy.

For these reasons, the Magistrate Judge did not make an arbitrary decision given that the affidavit underlying the search warrant set forth a substantial basis for a probable cause finding that evidence would be found at the Target Premises. The Court need not reach the issue of good faith reliance. Even if it did, the Court agrees with the government that such reliance would be found.

**Conclusion**

For the foregoing reasons, defendant's Motion to Suppress is denied.

IT IS SO ORDERED.

Dated: 2/13/24

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge