**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:23 CR 354 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Christen L. Clark, | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |

**<u>Introduction</u>**

This matter is before the Court upon defendant's Motion to Withdraw Defendant's

Guilty Plea. (Doc. 43). For the following reasons, the motion is DENIED.

**<u>Facts</u>**

After the execution of a federal search warrant at defendant's residence, investigators

recovered cocaine, fentanyl, methamphetamine, firearms, and cash. Defendant was then

charged in the Northern District of Ohio with conspiracy to possess with intent to distribute

cocaine, methamphetamine, and fentanyl; possession with intent to distribute cocaine;

1

possession with intent to distribute fentanyl; possession with intent to distribute methamphetamine; felon in possession of a firearm; and possession of a firearm in furtherance of a drug trafficking offense.

The following facts as presented in the government's brief have not been refuted. Defendant was originally represented by appointed counsel Kevin Spellacy. Defendant then retained attorney James Hardiman to replace Spellacy. The government provided initial discovery to Hardiman as well as a preliminary Sentencing Guidelines calculation for the case. A second disclosure of discovery on a USB flash drive was sent to Hardiman. Some weeks later, attorney Owen Kalis was retained to replace Hardiman as defendant's counsel. Counsel for the government states that he understood, based upon an initial phone call with Kalis, that Hardiman had turned over to Kalis all of the discovery that had previously been provided. However, after later discussions with Kalis, the government provided a duplicate copy of all discovery.

On April 2, 2024, the government's counsel sent Kalis a proposed plea agreement to review with defendant. Later in April 2024, Kalis contacted the government's counsel and represented that he had reviewed the plea agreement with defendant, but that before agreeing to plead defendant wanted to view videos of uncharged controlled drug purchases conducted by law enforcement prior to the June 2, 2023 search of his home. The government declined to provide the videos in order to protect the identity of the confidential informants, but provided four redacted still images from one of the buy videos which showed defendant in his kitchen weighing a quantity of drugs on a scale to provide to the informant. Government's counsel understood from subsequent conversations with Kalis that defendant saw the images and they

2

were part of the reason defendant decided to plead guilty.

At the Final Pretrial of May 2, 2024, the Court had the government state on the record, in open court, the government's estimated Sentencing Guidelines calculation if the defendant proceeded to trial and was found guilty of the indictment and the government's estimated Sentencing Guidelines calculation if the defendant pled guilty pursuant to the prepared plea agreement. The Court made it clear that the purpose of the hearing was to ensure that the defendant had a full understanding of the risks included in either scenario, and to give the defendant an opportunity to ask any question of the Court so he could make an intelligent, knowing, and voluntary decision. At the conclusion of the hearing, the defendant indicated he wanted to enter a plea of guilty. The Court asked defendant if he had adequate time to review and discuss the plea agreement with his attorney and whether he was satisfied with his counsel, and defendant answered affirmatively. The Court painstakingly reviewed the terms of the written plea agreement with defendant, repeatedly asking if defendant understood each item. He was also directed to the factual basis and relevant conduct set out in the agreement and asked if it was true and accurate in its entirety. Defendant responded, "Yes." Before asking how he pled, the Court asked again if he had any questions of the Court or if he needed any more time with his attorney.  He responded, "No."

Once satisfied that defendant would be entering a knowing, intelligent, and voluntary plea, the Court inquired how defendant wished to plead and defendant responded that he pled guilty to each count. The Court accepted the plea. Sentencing was set for August 28, 2024. After resigning from the practice of law, Kalis withdrew as counsel and attorney James McDonnell was thereafter appointed. The sentencing date was continued to October 2, 2024.

3

This matter is now before the Court upon defendant's Motion to Withdraw Defendant's Guilty Plea.

**<u>Discussion</u>**

The Sixth Circuit has recently restated,

[O]nce the district court has accepted a plea, a defendant may withdraw it before sentencing only if he can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). There is no "absolute right to withdraw a guilty plea" that the court has accepted. That is because plea withdrawal is "inherently in derogation of the public interest in finality and the orderly administration of justice." Thus, when a plea is knowing, voluntary, and taken "at a hearing at which [the defendant] acknowledged committing the crime," plea withdrawal should seldom be allowed. After all, the rule permitting withdrawal does not exist "to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice."

In *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), we identified several non-dispositive factors for differentiating pleas "entered hastily" from "those entered strategically." They include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Lee*, 2024 WL 991870, at *2 (6th Cir. Mar. 7, 2024) (internal citations omitted).

Defendant maintains that his plea of guilty was not made knowingly, voluntarily, or intelligently. In particular, defendant asserts that his counsel misinformed him as to the allegations and the evidence against him when he pled guilty. He claims that he felt rushed into changing his plea before having a chance to review all of the evidence the government

4

had obtained against him and prior to having an opportunity to consider all the pretrial motions that could be filed on his behalf.  Defendant asserts that there would be minimal prejudice to the government if he were permitted to withdraw his plea because the offense occurred approximately one year ago and there are no codefendants. Additionally, the government would still be able to find potential witnesses and properly prepare for trial.[1]

For the following reasons, the Court agrees with the government that consideration of the *Bashara* factors do not support withdrawal of the guilty plea.

Defendant did not seek to withdraw his guilty plea until over two months after entering his plea on May 2, 2024, and defendant does not offer a valid reason for the delay. A pretrial was held in open court and on the record on June 12, 2024, after attorney Kalis withdrew. New counsel was appointed on June 25, 2024. Yet, defendant did not indicate an intent to withdraw his plea, nor did he claim that he had not seen discovery or was unaware of the consequences of his plea.

Defendant does not assert his innocence as a basis for his request to withdraw his plea. Nor do the circumstances underlying the entry of the guilty plea weigh in defendant's favor. As discussed above, the extensive and detailed plea colloquy proves that defendant's plea was voluntary and intelligent. Defendant was asked if the facts outlined in the plea agreement were true and accurate, and he responded in the affirmative. Moreover, the government provided the written plea agreement to defendant's counsel a month before the change of plea hearing

---

[1]     Reference is also made to an undocketed letter of July 5, 2024, sent to the Court by defendant requesting a withdrawal of the plea on the basis that he never saw the evidence, his attorney did not explain the consequences of his plea, and attorney Kalis never informed him that he was facing disciplinary issues.

and defendant had requested to see additional evidence which the government provided. Finally, all of the consequences of pleading guilty were set forth in the written plea agreement that defendant signed and indicated to the Court that he had read and reviewed.

Defendant's extensive criminal history noted by the government which includes six prior felony convictions most of which were resolved by pleading guilty, lends support to the conclusion that defendant understood the consequences of pleading guilty.  Having found that the foregoing factors do not establish grounds for withdrawal of the guilty plea, the Court need not consider whether the government would be prejudiced by the granting of the motion. *United States v. Catchings,* 708 F.3d 710, 719 (6th Cir. 2013).

### Conclusion

For the foregoing reasons, defendant's Motion to Withdraw Defendant's Guilty Plea is denied.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
                                                                      
PATRICIA A. GAUGHAN
Dated: 9/3/24                          United States District Judge